UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TERRANCE FRAZIER,           )
                            )
        Movant,             )
                            )
   v.                       )   No.  4:02-CV-1313 (CEJ)
                            )
UNITED STATES OF AMERICA,   )
                            )
        Respondent.         )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Terrance Frazier to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. The United States has filed a response in opposition to the motion.

**I.  Background**

On June 5, 2001, Frazier pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and punishable under 18 U.S.C. § 924(a)(2).  Frazier committed the offense on January 17, 2000, while he was serving a term of probation imposed by a Missouri court for a felony drug crime.  The state court revoked his probation on March 20, 2001, and sentenced him to a 10-year term of imprisonment. Consequently, the presentence report reflected that Frazier was subject to an undischarged term of imprisonment and that the consecutive sentencing provision of  U.S.S.G. § 5G1.3 (2000) was applicable. Frazier's attorney filed an objection to the application of § 5G1.3, but later withdrew it.

Frazier's offense level was 26 and he had 23 criminal history points, which placed him in criminal history category VI. Under the sentencing guidelines, the range for imprisonment was 120-150 months. However, because the statutorily-authorized maximum sentence was 10

years, the guideline range was 120 months. U.S.S.G. § 5G1.1(c)(1)(2000). On August 31, 2001, Frazier was sentenced to a 120-month term of imprisonment that was to run consecutively to the sentence of imprisonment imposed by the state court.  Frazier did not appeal the judgment.[1]

## II. Discussion

In his motion to vacate, Frazier first claims that his sentence was illegal because it was ordered to run consecutively to the state court sentence of imprisonment.  In imposing the sentence, the Court applied U.S.S.G. § 5G1.3, which provides:

> (a)  If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Application Note 6 to § 5G1.3 provides as follows:

> If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the

---

[1]Pursuant to the plea agreement, Frazier waived his right to appeal any sentence that did not result from an upward departure from the sentencing guideline range.

2

> violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release.

The Eighth Circuit has construed Application Note 6 as requiring the federal sentence to be imposed consecutively to the undischarged term of any state parole or probation revocation sentence. United States v. Caldwell, 339 F.3d 680, 681 (8th Cir. 2003); United States v. Sumlin, 317 F.3d 780, 781 (8th Cir. 2003); United States v. Smith, 282 F.3d 1045, 1048 (8th Cir. 2002). Thus, the consecutive sentence imposed in Frazier's case was mandatory.

Frazier's second claim is that he was denied effective assistance of counsel because his attorney did not object to the consecutive sentencing. To prevail on a claim of ineffective assistance of counsel, a movant must show (1) that his attorney's performance fell below an objective standard of reasonableness and (2) that movant was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). The movant must show that his attorney's errors were so serious that they deprived him of his Sixth Amendment right to counsel and denied him the right to a fair trial. Id. In the context of a guilty plea, the movant must demonstrate that but for counsel's errors, he would not have pleaded guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In the instant case, Frazier cannot establish that he suffered any prejudice as a result of his attorney's failure to object to the application of § 5G1.3. As discussed above, in the Eighth Circuit, consecutive sentencing is mandatory in cases, like Frazier's, where the defendant is subject to an undischarged state sentence of imprisonment for a probation violation. Thus, any objection by defense counsel would have been

3

overruled. An attorney does not render ineffective assistance by failing to pursue meritless claims. Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994). Additionally, Frazier does not contend that he would have insisted on going to trial.

For the reasons discussed above, the Court concludes that Frazier is not entitled to the relief he seeks. Further, the Court finds that Frazier has not made a substantial showing of the denial of a constitutional right. Therefore, no certificate of appealability will be issued. See 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Terrance Frazier to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of August, 2005.